UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ONI B. COLE,

          Plaintiff,

v.                                              **DECISION AND ORDER**
                                              03-CV-691S

CORNELL COOPERATIVE EXTENSION,[1]

          Defendant.

      1.      In this action, Plaintiff, an African-American male, alleges that Defendant, his former employer, discriminated and retaliated against him in violation of Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, et seq. Specifically, Plaintiff claims that Defendant denied him a promotion and then terminated his employment on February 19, 2002, on account of his race, color, national origin, and age. Plaintiff further alleges that Defendant unlawfully retaliated against him for engaging in protected activity.

      2.      Presently before this Court is Defendant's Motion to Dismiss brought pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.[2] After full briefing, this Court reserved decision without oral argument. For the following reasons, Defendant's Motion to Dismiss is granted in part and denied in part.

      3.      Plaintiff is proceeding pro se in this action. The facts related to the instant

---

[1] Plaintiff's Complaint also named two individual defendants – Liz Raleigh and Daniel Harris. These two defendants were dismissed from this case by the Honorable David G. Larimer on October 2, 2003, because individuals cannot be held personally liable under Title VII. See Tomka v. Seiler Corp., 66 F.3d 1295, 1314 (2d Cir. 1995), abrogated on other grounds by, Burlington Indus. Inc. v. Ellerth, 524 U.S. 742, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998).

[2] In support if its motion, Defendant filed a memorandum of law, with attached exhibits, the Affirmation of James J. Rooney, with attached exhibits, and a reply memorandum of law. Plaintiff filed the Affidavit of Oni B. Cole, with attached exhibits, in opposition.

motion are largely undisputed. Plaintiff filed a Charge of Discrimination with the EEOC on December 5, 2002. (Rooney Aff., ¶ 3 and Exhibit B.) In this Charge, Plaintiff alleged that Defendant discriminated against him based on his race. (Rooney Aff., Exhibit B.) After finding no probable cause of unlawful conduct, the EEOC issued a Right to Sue Letter on June 19, 2003. (Rooney Aff., Exhibit C.)

4.	Plaintiff filed a second Charge of Discrimination with the EEOC on September 9, 2003. (Rooney Aff., ¶ 5 and Exhibit D.) In this Charge, Plaintiff alleged that Defendant discriminated against him based on race, color, sex and age. (Rooney Aff., Exhibit D.) He also alleged that Defendant unlawfully retaliated against him. (Rooney Aff., Exhibit D.) The EEOC treated Plaintiff's second Charge of Discrimination as a new and separate Charge, assigning it its own case number. (Rooney Aff., ¶ 5.) The EEOC issued Plaintiff a Right to Sue Letter relative to his second Charge on September 17, 2003, after it determined that Plaintiff's Charge was untimely. (Rooney Aff., ¶ 6 and Exhibit E.)

5.	Plaintiff initiated the instant lawsuit on September 15, 2003, by filing a Complaint in the United States District Court for the Western District of New York. Plaintiff also moved for leave to proceed *in forma pauperis*. On October 2, 2003, the Honorable David G. Larimer granted Plaintiff's motion to proceed *in forma pauperis* (IFP).

6.	On November 25, 2003, Defendants filed a Motion to Dismiss Plaintiff's Complaint on the basis that Plaintiff made material misrepresentations on his IFP application. Moreover, Defendant asserted that Plaintiff had previously provided false information on IFP applications in other litigation. On July 19, 2004, this Court filed a Decision and Order granting Defendant's Motion to Dismiss without prejudice. This Court dismissed Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2) based on its finding that

Plaintiff falsified his IFP application in this and other cases, and based on its conclusion that Plaintiff's claim of poverty was untrue. This Court further directed that this case be closed.

7. On August 17, 2004, Plaintiff appealed this Court's decision to the Second Circuit Court of Appeals. On June 21, 2005, the Second Circuit affirmed this Court's dismissal of Plaintiff's Complaint, but stated that "because Appellant's action was dismissed without prejudice, Appellant may revive his action by paying the filing fee." (Docket No. 20.) Plaintiff paid the filing fee on September 1, 2005.

8. Defendant now moves to dismiss Plaintiff's Complaint for two principal reasons. First, Defendant argues that Plaintiff's Complaint should be dismissed in its entirety because it was filed more than 90 days after Plaintiff received his Right to Sue Letter from the EEOC. Defendant recognizes that Plaintiff's Complaint was in fact filed within 90 days of Plaintiff's receipt of his first Right to Sue Letter, but it argues that as a result of the prior dismissal of Plaintiff's Complaint without prejudice, the 90-day time period should be calculated from September 1, 2005, which is the date Plaintiff paid the filing fee in conformance with the Second Circuit's instruction.

9. This Court has reviewed and considered the Second Circuit's opinion in this case and interprets its use of the phrase "*revive* his action by paying the filing fee" as an expression of the Circuit Court's intent that Plaintiff's original case be reopened. Notably, the Circuit Court did not require Plaintiff to commence a new action, but rather, directed him to pay the filing fee to "revive" his existing action. Thus, this Court concludes that Plaintiff's Complaint, calculated from its original filing date, is timely.

10. Defendant's second argument is that Plaintiff's national origin and age

3

discrimination claims, as well as his retaliation claim, should be dismissed because they are barred by the 300-day statute of limitations period.[3] Plaintiff raised these claims for the first time in his second EEOC Charge, which was filed more than 300 days after the alleged acts of discrimination. (Rooney Aff., Exhibit D.) In opposition to Defendant's motion, Plaintiff argues that his second Charge should be deemed an amendment to his first Charge, which was timely filed within the 300-day period. (Rooney Aff., Exhibit B.) As such, he counters that none of his claims are barred by the 300-day limitations period.

11.   In order to maintain an action under 42 U.S.C. §2000e-5, a plaintiff must ordinarily file a timely charge with the EEOC, receive from that agency a Right to Sue Letter, and file an action within 90 days of receipt of that letter. Van Zant v. KLM Royal Dutch Airlines, 80 F.3d 708, 712 (2d Cir. 1996); Cornwell v. Robinson, 23 F.3d 694, 706 (2d Cir. 1994). Because New York is a state with a fair employment agency, a charge of discrimination must be filed with the EEOC or the New York State Department of Human Rights within 300 days of the alleged discrimination. 42 U.S.C. §2000e-5(e); Harris v. City of New York, 186 F.3d 243, 247 n. 2 (2d Cir. 1999). Similarly, a claim under the ADEA must be brought within 300 days. See 29 U.S.C. § 626 (d)(2).

12.   "The timeliness of a discrimination claim is to be measured from the date the claimant had notice of the allegedly discriminatory action." Van Zant, 80 F.3d at 713 (citing Morse v. Univ. of Vermont, 973 F.2d 122, 125 (2d Cir. 1992)). The 300-day filing requirement "functions as a statute of limitations." Quinn v. Green Tea Credit Corp., 159 F.3d 759, 765 (2d Cir. 1998). The 300-day statute of limitations is strictly construed in this

---

[3]Defendant has not moved to dismiss Plaintiff's color or race based discrimination claims.

circuit.  See, e.g., Trenchfield v. DuPont Photomasks, Inc., No. 96 CIV. 1135 (AGS), 1997 WL 53238, at *5-*6 (S.D.N.Y. 1997) (Title VII claims filed with the EEOC 338 days after alleged discriminatory employment practice dismissed as untimely); Van Zant v. KLM Royal Dutch Airlines, 870 F.Supp. 572, 575 (S.D.N.Y. 1994) (sexual harassment and retaliation claims dismissed as time-barred where last alleged discriminatory act was 315 days before EEOC filing).  Moreover, the Supreme Court has noted that "'strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.'"  National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 108, 122, S.Ct.2061, 2070, 153 L.Ed.2d 106 (2002) (quoting Mohasco Corp. v. Silver, 447 U.S. 807, 826, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980)).

13.    Here, the facts are undisputed.  Plaintiff filed his first Charge with the EEOC on December 5, 2002, which was within 300 days of the alleged acts of discrimination that allegedly occurred on February 19, 2002. (Rooney Aff., Exhibit B.)  This Charge contained only a race-based claim.  After finding no probable cause of unlawful conduct, the EEOC issued a Right to Sue Letter on June 19, 2003.  (Rooney Aff., Exhibit C.)

Plaintiff then filed a second Charge with the EEOC on September 9, 2003, which was 567 days after the date of alleged discrimination, and 82 days after the EEOC dismissed Plaintiff's first Charge.  (Rooney Aff., Exhibit D.)  The second EEOC was assigned a new case number by the EEOC, and was ultimately dismissed as untimely. (Rooney Aff., Exhibit E.)

14.    The issue is whether Plaintiff's second EEOC charge should be construed as an amendment to the first Charge, rather than as a new and distinct Charge.  EEOC regulations allow a claimant to amend an EEOC charge to cure a technical defect or clarify

an allegation. See 29 C.F.R. § 1601.12(b). Although the EEOC does not impose a time limit for such amendments, courts, including those in this district, have concluded that an amendment must be made prior to the issuance of a Right to Sue Letter by the EEOC. See Moll v. Telesector Resources Group, Inc., No. 04-CV-0805S, 2005 WL 2405999, at *8 (W.D.N.Y. Sept. 29, 2005) (citing Sergilus v. Covenant House Under 21, No. 96 Civ. 6210, 1999 WL 717274 (S.D.N.Y. Sept. 15, 1999)); see also Balasz v. Liebenthal, 32 F.3d 151, 157 (4th Cir. 1994) (holding that filing an amendment to an EEOC charge after a Right to Sue Letter has been issued would negate the purposes of the EEOC charge requirement); Cooper v. Xerox Corp., 994 F. Supp. 429, 433-34 (W.D.N.Y. 1998) (holding that after a Right to Sue Letter has been issued, the EEOC has closed its file and there is no longer an EEOC charge to be amended).

15.     This Court finds that Plaintiff's second Charge was not an amendment of his first. Plaintiff's second Charge does not cure a technical defect or clarify his allegations. It alleges new and distinct claims. Second, the EEOC issued Plaintiff a Right to Sue Letter 82 days *prior to* his filing of his second EEOC charge. Thus, Plaintiff's first Charge was dismissed and disposed of well before his second Charge was filed. Plaintiff's second Charge therefore cannot properly be considered an amendment of his first Charge. Consequently, Plaintiff's age, national origin,[4] and retaliation claims are untimely and are dismissed.[5]

---

[4] In fact, Plaintiff did not assert a national origin claim in either of his EEOC Charges, which makes this claim clearly unexhausted and untimely.

[5] Although not raised by pro se Plaintiff, this Court is cognizant of the fact that under certain circumstances unexhausted claims that are not expressly alleged in a timely filed administrative charge may be entertained. In this circuit, such claims may be adjudicated if they are based on conduct that is "reasonably related" to the conduct included in the timely Charge. See Butts v. City of New York Dep't of

      IT HEREBY IS ORDERED, that Defendant's Motion to Dismiss (Docket No. 25) is GRANTED in part and DENIED in part consistent with this Decision and Order.

      SO ORDERED.

Dated: September 19, 2006
      Buffalo, New York

                                              /s/William M. Skretny
                                            WILLIAM M. SKRETNY
                                     United States District Judge

---

Housing Prevention, 990 F.2d 1397, 1401 (2d Cir. 1993), *superseded by statute on other grounds as stated in,* Hawkins v. 1115 Legal Servs. Care, 163 F.3d 684, 693 (2d Cir. 1998). In Butts, the Second Circuit recognized three circumstances under which unexhausted claims may be "reasonably related" to properly presented claims. See Butts, 990 F.2d at 1402-03. None of those circumstances is present in this case. Plaintiff's second Charge alleges new theories and claims, i.e., age and retaliation. These claims are not "reasonably related" to the singular race-based claim contained in his first Charge.